UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN ARIEL LIVINGSTON,

          Plaintiff,

v.

WARNER, et al.,

          Defendant.

CASE NO. 2:22-CV-1510-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: April 14, 2023

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. This matter is before the Court on plaintiff's failure to update his address with the Court. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

On January 9, 2023, the Clerk of the Court mailed an Order denying motion for counsel and motion for transportation and a Scheduling Order to Plaintiff Steven Ariel Livingston. *See* Dkts. 25, 26. The Orders were returned as undeliverable on January 19, 2023. Dkt. 28. On February 1, 2023, the Court mailed an Order warning plaintiff that if he did not notify the Court of his current mailing address by March 20, 2023, the Court would recommend dismissal of this

REPORT AND RECOMMENDATION - 1

action. That order was returned to the Court on February 14, 2023. Plaintiff has not provided the Court an updated address.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by plaintiff more than 60 days ago. To date, plaintiff has not provided an updated address. Accordingly, the undersigned recommends the Court dismiss this action without prejudice for failure to prosecute pursuant to LCR 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

2 | April 14, 2023, as noted in the caption.

3 |     Dated this 27th day of March, 2023.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3